IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW D. PINNAVAIA, | § | |
| | § | No. 637, 2015 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Court of |
| | § | Chancery of the State of |
| v. | § | Delaware |
| | § | |
| J.P. MORGAN CHASE AND | § | C.A. No. 11231 |
| COMPANY, JAMES DIMON (IN | § | |
| THE CAPACITY OF CHIEF | § | |
| EXECUTIVE OFFICER), | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: December 10, 2015
Decided: February 1, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 1st day of February 2016, it appears to the Court that:

(1)     This appeal is from the Court of Chancery's memorandum opinion dated September 11, 2015.[1] The *pro se* appellant, Matthew D. Pinnavaia, filed the appeal on November 24, 2015, seventy-four days after the opinion was entered on the Court of Chancery docket.

---

[1] *Pinnavaia v. J.P. Morgan Chase and Company*, 2015 WL 5657026 (Del. Ch. Sept. 11, 2015).

(2) To invoke this Court's appellate jurisdiction, a notice of appeal in a civil case must be received by the Clerk "[w]ithin 30 days after entry upon the docket" of the order sought to be reviewed.[2] The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[3]

(3) The Clerk issued a notice directing Pinnavaia to show cause why the appeal should not be dismissed as untimely filed. In response, Pinnavaia claims that the Court of Chancery first notified him of the September 11 opinion on October 30, 2015. He asserts that the appeal is timely filed because he filed the notice of appeal on November 24, 2015, within thirty days of October 30, 2015.

(4) Pinnavaia's assertion is unavailing. The record reflects that the Court of Chancery sent the opinion to Pinnavaia by U.S. mail on September 14, 2015.[4] The record does not support a finding that Pinnavaia's delay in filing the notice of appeal is attributable to court personnel. This case does

---

[2] Del. Supr. Ct. R. 6(a)(i). *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[3] *McMillan v. State*, 2013 WL 5974110 (Del. Nov. 7, 2013) (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

[4] The delivery method and date are reflected in the Court of Chancery case docket.

2

not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

_____
Justice

3